Fremont-Smith, J.
Jeff Simon was robbed by two black males on Saturday, September 25, 1993 after attending a Boston College football game. As he returned to his home at Harbor Point in Boston, he was confronted by two men in the parking garage of his building. The parking garage under the building is not completely underground but contains windows providing natural light in addition to the electric lighting. The two men forced Simon at gunpoint back to his car where they all entered it, Simon being seated next to one of the assailants in the front seat, who was armed with a sawed-off shotgun, while the second man sat in the back. After the three had remained in the car for a period of about fifteen minutes discussing, among other things, the status of Simon’s bank card, the assailants took Simon’s wallet and fled.
As the Harbor Point police began their investigation, Simon was asked to inspect a photo array consisting of eight or nine pictures. As a result, he selected two photos which he thought closely resembled his two assailants, one of which was the defendant, but said that he could not make a positive identification without inspecting the mouth of the man who had sat in the front seat, whom he described as having “buck” or “protruding” teeth.
On September 28, 1993, Simon viewed a second array of photographs and again selected the defendant, without a positive identification.
On September 29, 1993, Simon was at the Harbor Point police station and spoke with Officer Garcia and Chief Kevin Mahoney, to complain about the failure to apprehend a suspect and to request a “line-up.” As he spoke with them in the reception area of the station, the defendant was escorted, hand-cuffed, through the station, where he had been interviewed by U. Mass police in connection with another crime. On seeing him, Simon became excited, and loudly and positively identified the defendant.
The defendant has moved to suppress the September 29, 1993 identification as being unnecessarily suggestive, in violation of his constitutional rights.
The essential element of an illegal identification is that there has been “a calculated move by the police to bring about pre-trial observations of a suspect by an eyewitness,” whereas “accidental encounters between victim and suspect in which the police make no attempt to elicit an identification have been unanimously held not to implicate due process considerations.” Commonwealth v. Valquez, 11 Mass.App.Ct. 261, 267 (1981) (suppression not required where the defendant unexpectedly arrived at the police station while the victim was present and was observed in an adjoining room).
Here, it is a close question whether the victim’s encounter with the defendant was a “chance encounter” or was, rather, a pre-arranged “one-on-one encounter,” which the Commonwealth concedes would have been unduly suggestive. Here, the victim and the police witnesses all testified that it was not pre-arranged, but was a “chance encounter,” whereas the evidence to the contrary is entirely circumstantial. The circumstances are, to be sure, somewhat suspicious. For instance, the Chief of the Harbor Point police testified that, until the September 29 identification, defendant was not even a suspect, whereas all of the other witnesses admitted that defendant (or his brother) had already been tentatively identified as a suspect. Moreover, neither party, at the hearing, re *597 quested that the defendant open his mouth so that a visual inspection could be made by Simon and by the Court of the defendant’s alleged distinguishing feature, namely his “buck” or “protruding" teeth. While the question of defendant’s identification is thus not free from doubt, and certainly raises a disputed issue which may be presented to the jury at the trial (where the Commonwealth has the burden to prove defendant’s identity “beyond a reasonable doubt”) the Court concludes that the defendant has failed to satisfy his burden of proof in a motion to suppress, by a preponderance of the evidence, that he was subjected by the police to an unnecessarily suggestive identification procedure which was violative of due process. See: Commonwealth v. Botelo, 369 Mass. 860, 866-67 (1976).
Accordingly, defendant’s motion to suppress Simon’s September 29, 1993 identification of defendant is DENIED.